## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DAVIUS CONROD,**
    Petitioner,

v.               Case No. 17-C-0973

**REED RICHARDSON, Warden,**
**Stanley Correctional Institution,**
    Respondent.

## DECISION AND ORDER

Davius Conrod was convicted in Milwaukee County Circuit Court of second-degree sexual assault of a child, contrary to Wis. Stat. § 948.02(2). The court imposed a total sentence of 15 years, consisting of ten years' initial confinement and five years' extended supervision. Conrod now petitions for a writ of habeas corpus under 28 U.S.C. § 2254.

### I. BACKGROUND

At trial, the victim, JJW, testified that Conrod, her mother's boyfriend, repeatedly had sexual contact with her while she was eleven and twelve years old.[1] There were no witnesses to the alleged instances of sexual contact other than JJW. Conrod testified at trial that he never had sexual contact with JJW.

On direct appeal, Conrod's counsel filed a no-merit brief, and Conrod filed a pro se response. Those briefs raised two issues that Conrod now pursues in his habeas petition. First, Conrod argued that his trial counsel was ineffective in failing to ensure

---

[1] JJW's younger sister, BB, also testified that Conrod had sexual contact with her. However, Conrod was acquitted of the charge involving BB.

that Detective Amy Skolowski, who investigated the crime and took a statement from JJW, testified at trial. The state did not call Skolowski during its case in chief, apparently because she was on vacation at the time of trial. Conrod argues that his trial counsel should have asked to adjourn the trial so that Skolowski could be present and cross-examined about inconsistencies between what JJW had told her and JJW's trial testimony.

Second, Conrod argued that his right to confront witnesses was violated when the court allowed JJW to write down—rather than speak—her answer to one of the prosecutor's questions on direct examination. During direct examination, the prosecutor asked JJW if Conrod said anything to her during one of the instances in which he allegedly had sexual contact with her. After JJW answered that he did, the prosecutor asked her what he said. JJW paused and appeared to be very uncomfortable. The prosecutor then told JJW that "[i]t's okay to say bad words if you are quoting someone else" and asked her whether it would be "easier for [her] to write the words down." Tr. at 35–36, ECF No. 9-20. When JJW answered "yes," defense counsel requested a sidebar and argued that the prosecutor had asked a leading question by suggesting that Conrod said a "bad word." Defense counsel also objected on the ground that the prosecutor had not established that the witness could not speak her answer. The trial court overruled the objections and allowed JJW to write down her answer to the question. In front of the jury, JJW wrote down what Conrod told her during one of the instances in which he had sexual contact with her. The prosecutor then read the answer to the jury, which was "You got that good pussy." *Id.* at 39. On direct appeal, Conrod argued that the court's allowing JJW to write down the answer to the

prosecutor's question denied him his right to confront the witness, in violation of the Confrontation Clause of the Sixth Amendment. Conrod also argued that the prosecutor's using the handwritten statement during her closing argument was improper.

In his federal habeas petition, Conrod raises the same ineffective-assistance claim involving the failure to ensure that Detective Skolowski testified at trial that he raised on direct appeal. He also raises a claim involving the court's allowing JJW to write down her answer to the prosecutor's question. However, in state court, Conrod raised this issue as a denial of his right to confront the witness. In his habeas petition, Conrod raises this issue in the form of an ineffective-assistance claim, arguing that his trial counsel was ineffective in failing to object to JJW's writing down her answer and in failing to object when the prosecutor used the written answer during her closing argument. In his brief in support of his habeas petition (but not in the petition itself), Conrod raises a third claim: that he was denied his Sixth Amendment right to counsel during a probable-cause determination that was made shortly after his warrantless arrest. I consider these claims below.[2]

## II. DISCUSSION

---

[2] In addition to the three claims identified in the text, Conrod appears to allege a fourth claim, which is labelled claim three in the petition. This claim alleges as follows: "Trial counsel was ineffective when he fail[ed] to impeach the victim to clarify her conflicting statements. Trial counsel was deficient in his performance when he failed to cross-examine the witness's prior inconsistent statements and grand jury testimony." Pet. at 7. Conrod does not discuss this claim in his brief, and therefore I assume he has abandoned it. In any event, because Conrod has not developed the claim, it is waived. *See Obriecht v. Foster*, 727 F.3d 744, 748–49 (7th Cir. 2013) (failure to develop argument in district court constitutes waiver).

### A. Trial Counsel's Alleged Ineffectiveness in Failing to Call Detective Skolowski

Conrod argues that his trial counsel rendered ineffective assistance by failing to ensure that Detective Skolowski was present and testified at trial. The Wisconsin Court of Appeals decided this claim on the merits, and therefore the standard of review in 28 U.S.C. § 2254(d) applies. Under that standard, I may grant relief only if the court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

To establish a claim of ineffective assistance of counsel, Conrod must show that his counsel performed deficiently and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To establish deficient performance, Conrod must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687. This requires showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To establish prejudice, Conrod must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

Conrod argues that his counsel performed deficiently in not calling Detective Skolowski as a witness because her testimony was important to establishing that JJW made statements to the police that conflicted with her trial testimony. However, the Wisconsin Court of Appeals found that, even though Skolowski did not testify at trial,

4

Conrod's counsel was able to "explore[] at great length the inconsistencies between JJW's trial testimony and her statements to police." Op. at 5. The court also found that Detective Skolowski was not a key defense witness and that there was no reasonable probability that the outcome of the trial would have been different had Skolowski testified. *Id.*

Conrod has not shown that these determinations were contrary to, or involved an unreasonable application of, any Supreme Court case, or that they were based on an unreasonable determination of the facts in light of the evidence presented in state court. The trial transcript shows that Conrod's counsel cross-examined JJW about the inconsistencies between her trial testimony and her prior statements to Skolowski. *See, e.g.,* Tr. at 64 & 76, ECF No. 9-20. Conrod does not point to any specific inconsistency that his trial counsel failed to address during his cross-examination of JJW or show that counsel could have brought out additional inconsistencies if Skolowski had testified. Moreover, I am unable to see how Skolowski's testimony could have aided the defense. Conrod's counsel did not need to call Skolowski as a witness to impeach JJW with the prior inconsistent statements contained in Skolowski's police report. He could have simply impeached her with the police report itself. Therefore, Conrod is not entitled to habeas relief on this claim.

**B.  Trial Counsel's Alleged Ineffectiveness in Failing to Object to JJW's Written Answer**

Conrod next claims that his trial counsel rendered ineffective assistance by failing to object when the prosecutor asked JJW to write down the answer to one question on direct examination. As noted above, on direct appeal, Conrod challenged the written answer on the ground that it violated his Sixth Amendment right to confrontation, rather

5

than on the ground that his trial counsel performed deficiently in failing to object to the written answer. It is not clear why Conrod now changes his legal theory. But because Conrod did not raise this issue in the form of an ineffective-assistance claim in state court, he has procedurally defaulted that claim, which means that he cannot obtain federal habeas review of the merits. *See, e.g., Hicks v. Hepp*, 871 F.3d 513, 518 (7th Cir. 2017) (failing to fairly present federal claim to state court results in procedural default). However, even if Conrod had preserved the claim in state court, it would fail on the merits here. At trial, Conrod's counsel *did* object to allowing JJW to write out her answer to the question, but the court overruled the objection. Tr. at 35–39, ECF No. 9-20. Thus, trial counsel performed exactly as Conrod alleges he should have, and so Conrod cannot succeed on an ineffective-assistance claim.[3]

Conrod also claims that his trial counsel rendered ineffective assistance when he failed to object to the prosecutor's using JJW's written answer during closing arguments. On direct appeal, Conrod did make this argument in the form of an ineffective-assistance claim. *See* ECF No. 9-3, at p. 8 of 19. However, the argument fails on the merits because, again, the record shows that Conrod's trial counsel *did*

---

[3] I note that Conrod does not identify the grounds on which he believes his trial counsel should have objected to the written answer. Perhaps he believes that trial counsel should have objected to the written answer on the ground that it violated his Sixth Amendment right to confront the witness. It does not appear that trial counsel actually objected on that ground. *See* Tr. at 36–38, ECF No. 9-20. However, the Wisconsin Court of Appeals addressed the merits of the Confrontation Clause claim and rejected it. Op. at 56. Thus, Conrod could have obtained federal review of the Confrontation Clause issue without also alleging ineffective assistance of counsel. In any event, the state court's resolution of the Confrontation Clause issue was not contrary to, and did not involve an unreasonable application of, any Supreme Court case. Nor was it based on an unreasonable determination of the facts. Therefore, Conrod would not be entitled to federal habeas relief on a Confrontation Clause claim. Moreover, because the Confrontation Clause objection would have failed, Conrod's trial counsel could not have been ineffective in failing to make it.

object when the prosecutor used the written answer as part of her closing argument. *See* Tr. at 4–5, 36–38, ECF No. 9-22.

C.   **Lack of Counsel During Probable-Cause Determination**

In his brief, Conrod argues that his Sixth Amendment right to counsel was violated during a probable-cause determination. Br. at 10–12. He attaches to his brief a copy of a state-court document entitled "probable cause statement and judicial determination." Br. Ex. 2. This is a document that Wisconsin uses to comply with *Gerstein v. Pugh*, 420 U.S. 103 (1975), which holds that when a person is arrested without a warrant (as Conrod was), the state must provide him with a prompt judicial determination of probable cause in order to continue to detain him. In Conrod's case, Detective Skolowski completed the probable-cause statement and presented it to a court commissioner. The court commissioner then signed the form, finding probable cause to believe that Conrod committed the offenses described in Skolowski's statement. As far as the record reveals, Conrod was not himself present at the probable-cause determination. The determination was likely made in a non-adversarial setting, such as the court commissioner's chambers. *See Gerstein*, 420 U.S. at 120–25 (probable-cause determination does not have to be made in adversarial setting); *State v. Koch*, 175 Wis.2d 684, 697–99 (1993) (same).

Conrod now argues that the probable-cause determination was a "critical stage" of the criminal case and that therefore he had a right to counsel at that time. Conrod did not raise this claim in state court during his direct appeal, but in his brief he requests that I employ the stay-and-abeyance procedure of *Rhines v. Weber*, 544 U.S. 269 (2005), so that he can return to state court and exhaust this claim. However, Conrod's

7

claim clearly fails on the merits, and therefore I may not allow him to return to state court. *See id.* at 277. Conrod's claim is clearly meritless because, in *Gerstein*, the Supreme Court held that the probable-cause determination is not a "critical stage" of the proceeding that requires counsel. 420 U.S. at 122.

In his brief, Conrod also seems to suggest that he was denied his right to counsel at the initial appearance. However, the transcript of the initial appearance reflects that both Conrod and his counsel were present. Tr. at 1–2, ECF No. 9-9. Thus, this claim also fails.[4]

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Conrod's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2018.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[4] I note that in Wisconsin, the initial appearance may be combined with the judicial determination of probable cause. *See Koch*, 175 Wis. 2d at 697–98. However, in Conrod's case, the judicial determination of probable cause occurred on December 19, 2012, *see* ECF No. 12-3, but the initial appearance did not occur until December 23, 2012, *see* ECF No. 9-9.